People v Diante M. (2025 NY Slip Op 02970)

People v Diante M.

2025 NY Slip Op 02970

Decided on May 15, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 15, 2025

CR-23-1930
[*1]The People of the State of New York, Respondent,
v
Diante M., Appellant.

Calendar Date:April 18, 2025

Before:Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ.

Aaron A. Louridas, Delmar, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Appeal from a judgment of the County Court (Youth Part) of Schenectady County (Mark Blanchfield, J.), rendered April 10, 2023, which sentenced defendant upon his adjudication as a youthful offender.
Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with attempted assault in the second degree. The charges stemmed from an incident wherein defendant repeatedly stabbed the victim with a knife. The People offered defendant the opportunity to plead guilty to the charged crime with the understanding that they would consent to his adjudication as a youthful offender and that he would be sentenced to a five-year term of probation. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in accordance with the plea agreement, and County Court adjudicated defendant a youthful offender and imposed the contemplated term of probation. This appeal by defendant ensued.
The People concede, and our review of the record confirms, that the waiver of the right to appeal is invalid. Therefore, defendant's challenge to the severity of his sentence is not precluded (see People v Marin, 236 AD3d 1178, 1179 [3d Dept 2025]; People v Loadholt, 234 AD3d 1188, 1189 [3d Dept 2025]). That said, upon due consideration of all of the relevant sentencing factors, including defendant's lack of a prior criminal history and expressed remorse (see e.g. People v Hatch, 165 AD3d 1321, 1322 [3d Dept 2018], lv denied 32 NY3d 1125 [2018]), we do not find the sentence imposed to be unduly harsh or severe (see CPL 470.15 [6] [b]). Accordingly, the judgment is affirmed.
Garry, P.J., Egan Jr., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is affirmed.